| .MARION F. EDWARDS, Judge.
Defendant appeals the trial court’s ruling that granted plaintiffs Petition to Annul Judgment. For the following reasons, the judgment of the trial court is affirmed.
Defendant, Louis Boyd, filed suit in the 29th Judicial District Court for the Parish of St. Charles against plaintiff, Roosevelt Johnson, for damages that Johnson allegedly caused to Boyd’s 1961 B-Model Mack Dump Truck. On November 17, 1998, the trial court dismissed Boyd’s petition, and rendered judgment in favor of Johnson. Thereafter, on January 17, 2001, the trial court reheard the matter and granted Boyd $10,000 in damages.[1]
On August 13, 2002, Johnson filed a Petition To Annul Judgment, asserting that the January 17, 2001 judgment had been obtained by Boyd using fraud or ill practices. Specifically, Johnson asserted that he had never been served with notice of the January 17, 2001 trial date.
| .Trial was held on Johnson’s Petition To Annul on December 16, 2002, after which the court ruled in favor of Johnson. Boyd timely filed the present appeal.
In his first assignment of error, Boyd argues that the trial court erred in not sequestering Johnson’s witness, Monique Cammon.
LSA-C.E. Art. 615 provides, in relevant part:
On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. [Emphasis added].
At the conclusion of the trial, the following exchange took place between the trial court and Boyd.
BOYD:
Your Honor, I just want to say one thing ... the plaintiff here did not sequester the witness so she set [sic] there and heard everything Mr. Johnson said. So therefore she can easily concur with what he said.
THE COURT:
Well, it’s interesting that you caught that point after the fact. I was-I mean, why didn’t you catch it before the fact? You should have objected and you didn’t object, so it’s too late to object now. I can’t erase what just happened ...
I’ll note it for the record that Ms. Cammon was sitting in the courtroom during Mr. Johnson’s testimony. How *676 ever, you did not request a sequestration nor did you object to her sitting there, I didn’t realize she was in the courtroom as a witness ...
It is within the broad discretion of the trial court to determine whether to exempt a witness from its sequestration order, to determine whether a witness who is not placed under a sequestration order or who violates an order of sequestration may testify, and in allowing rebuttal evidence.[2] __[4_ Resolution of sequestration problems is within the sound discretion of the trial court.[3] A review of the record indicates that Boyd did not request that the trial court sequester the witnesses or object to Ms. Cammon’s presence in the courtroom prior to or during Johnson’s testimony. Therefore, the mandatory provision of LSA-C.E. Art. 615 would not have been applicable. Accordingly, we find no abuse of the trial court’s discretion to consider Cammon’s testimony in this case.
In his second assignment of error, Boyd argues that the trial court, in granting plaintiffs Petition To Annul, erred in failing to consider the number of times that he attempted to make service upon Johnson before concluding that service was never made. La. C.C.P. arts. 1231-1235 require that for service of citation on a individual to be valid, it must be made “to the person to be served,”[4] or when a proper officer “leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment.”[5] In this case, the record clearly reflects that personal service was not made upon Johnson personally, or at his place of residence, as per the mandates of the civil code of procedure. Boyd further argues by this assignment that the trial court erred in failing to find that Roosevelt had intentionally evaded service. Whether or not the plaintiff in this case intentionally evaded service is a question of fact. A court of appeal may not set aside the findings of the trial court unless they are clearly wrong |fior manifestly erroneous.[6] Under this standard, the issue is whether the trier of facts conclusion was reasonable, not whether it was right or wrong.[7]
At trial, Johnson testified that at the time Boyd’s lawsuit was initiated, he resided at 28 Cathy Street in Norco, Louisiana, where he was served with the original petition. He stated that he was never served with a notice of trial for November 17, 1998, and therefore was not present at that trial.[8] In the middle of 1999, Johnson then moved to 28 Cathy Street in Norco with his girlfriend, son, and two stepchildren. He testified that he moved out of 28 Cathy near the end of 2000, prior to October 10 of that year, when the relationship with his girlfriend ended. Johnson said that he was not at the 28 Cathy address *677 from October 10, 2000 through the end of 2001, even though he owns the house. After October 10, 2000, Johnson lived with his mother at 14 Cathy Street in Norco, Louisiana. Johnson stated that he moved back to the residence at 28 Cathy Street at the end of 2002, when his former girlfriend vacated the premises. He testified that his former girlfriend never informed him of the attempted service of any pleadings or court documents made at the 28 Cathy Street address while he did not reside there.
Plaintiffs former girlfriend, Monique Cammon, also testified at trial. Cammon stated that Johnson had not lived with her from between October of 2000 and April 30, 2001. She said that she specifically did not accept papers from a deputy who attempted to make service on Johnson on May 24, 2001. Cammon stated that she did not tell Johnson about the attempted service that was made.
| fiOther than his own argument, Boyd presented no evidence at trial that Roosevelt had made an effort to avoid service. Based on the foregoing, we see no error in the trial court’s finding that plaintiff had not intentionally avoided service.
Finally, Boyd argues that the trial court erred in granting plaintiffs petition on the basis that no service was made, when the plaintiff failed to inform the trial court of a change of address.
At trial, the court noted:
Well, part of the problem is that, normal circumstances, it’s up to the parties to notify the Court of any change of address ... in order that proper service can be made on them.
However, the problem I have in this case is that November the 17th of 1998, the record reflects, or the minutes reflect from that date, that this matter was apparently heard by Judge Granier and the suit was dismissed.
So I agree with Mr. Miller, it wasn’t through any fraud or ill practice on Mr. Boyd’s part; he was representing himself and wanting to get the matter reset. But, in fact, at that time, it [the case] had already been disposed of ... And given that fact, I’m not going to require Mr. Johnson to continue indefinitely into the future to notify the Court of a change of address on a suit that’s previously been dismissed. [Emphasis added].
Based upon our review of the record, while specifically noting that the case had previously been dismissed, we find no manifest error in the trial court’s ruling that Johnson was not required to update the court on his change of address.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. It is not apparent from the record why the trial court reheard the matter after initially dismissing the suit.

. State v. Simien, 95-1407, p. 8 (La.App. 3 Cir. 7/24/96), 677 So.2d 1138, 1143.

. State v. Miller, 95-857, p. 17 (La.App. 3 Cir. 1/31/96), 670 So.2d 420, 431.

. La. C.C.P. art. 1232

. La. C.C.P. art. 1234

. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); LaSalle v. Benson Car Co., Inc., 00-1459 (La.App. 5 Cir. 1/30/01), 783 So.2d 404, 408.

. Stobart v. State, Through DOTD, 92-1328 (La.4/12/93), 617 So.2d 880, 882.

. There was discussion at trial as to whether or not the initial judgment dismissing Boyd’s suit had been rendered upon a Motion For Summary Judgment submitted by Boyd, since neither party had appeared at the November 17, 1998 trial. No conclusion was reached.